Michael Anthony ALEXANDER, Appellant,

v.

The STATE of Texas, Appellee.

Nos. A14–92–01275–CR and C14–92–01276–CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 16, 1994.

DeEdward J. Greer, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellant, Michael Anthony Alexander, was charged with the felony offense of possession of cocaine in cause number 638,566. After his motion to suppress evidence was denied, the trial court accepted appellant's plea of guilty. Due in part to this conviction, appellant's guilt was adjudicated for an earlier conviction for the offense of aggregate theft in cause number 625,586, for which he had originally received deferred adjudication. The trial court assessed punishment at four (4) years for the possession of cocaine and

eight (8) years for the adjudication of the aggregate theft in the Institutional Division of the Texas Department of Criminal Justice. In two points of error, appellant contends that the trial court erred in denying his motion to suppress evidence seized from an illegal arrest and search because the police lacked probable cause to arrest him and reasonable suspicion to detain him. We affirm.

Houston Police Officers Roberts and Baker, drove to Brock Park at 9800 Green River at approximately 2:00 a.m. in order to check the city park for curfew violators. Officers Morales and Mitchell accompanied Officer Roberts to the park in a separate patrol vehicle.

As he entered the park following behind the other patrol vehicle, Officer Roberts observed a parked vehicle inside the park in violation of the curfew. Officer Mitchell pulled his patrol car in "nose-to-nose" with the suspect's vehicle, while Officer Roberts pulled up next to it and shined his police spotlight inside the vehicle. Officer Roberts observed appellant in the driver's seat and a female seated on the passenger side of the vehicle. Appellant "began scrambling as if he were trying to hide something under the seat" after the spotlight illuminated his car.

After Officers Mitchell and Morales removed appellant from the car, Officer Roberts checked appellant's vehicle for weapons in the area where appellant had been "scrambling." While checking the car for weapons, Officer Roberts discovered a crack pipe under the edge of the seat, and it was still hot from recent use. Upon discovering this contraband, appellant was arrested. A subsequent inventory of appellant's vehicle at the scene yielded some crack cocaine wrapped inside a tissue.

In his first and second points of error, appellant contends that the trial court erred in denying his motion to suppress evidence because the matter seized was the result of an illegal arrest and search in violation of his constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, Article I, Section 9 of the Texas Constitution, and Article 38.23 of the Texas Code of Criminal Procedure. Specifically, appellant argues that the police lacked: (1) proba-

ble cause to arrest him for a "curfew violation" or criminal trespass when they approached his vehicle and ordered him out; and (2) reasonable suspicion to detain him prior to their ordering him out of his vehicle. On the contrary, the State argues that they had reasonable suspicion to justify their initial stop and search.

In reviewing a ruling on a motion to suppress evidence, an appellate court views the evidence in the light most favorable to the trial court's ruling. *Green v. State*, 615 S.W.2d 700, 707 (Tex.Crim.App.1980), *cert. denied*, 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981); *Posey v. State*, 763 S.W.2d 872, 874 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). As a basis for ruling on a motion to suppress, the trial judge is entitled to believe or disbelieve any or all of a witness' testimony, and the appellate court is not at liberty to disturb any finding supported by the record. *Rivera v. State*, 808 S.W.2d 80, 96 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 112 S.Ct. 279, 116 L.Ed.2d 231 (1991); *Rysiejko v. State*, 782 S.W.2d 529, 532 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). Furthermore, unless there is a clear showing of abuse of discretion, a trial court's ruling on the admissibility of the evidence should not be reversed. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim.App.1990).

Appellant argues that whether the trial court erred in denying his motion to suppress in the possession of cocaine case is dispositive of whether the trial court erred in adjudicating his guilt in the prior aggregate theft case. We agree.

However, the State argues that the propriety of the trial court's ruling on the motion to suppress is not controlling. Specifically, the State argues that appellant's possession of cocaine conviction is irrelevant to the adjudication of his guilt for aggregate theft because appellant admitted committing two other violations of his probation. Proof of any of the alleged violations of probation is sufficient to support a revocation of probation. *Hendley v. State*, 783 S.W.2d 750, 752 (Tex.App.—Houston [1st Dist.] 1990, no pet.).

In this case, appellant signed a sworn stipulation of evidence that stated in part:

(3) I understand the allegations against me set out in the attached State's motion and judicially confess that it is true that I violated the terms of my probation as stated in the attached State's motion.

The State's motion to adjudicate guilt alleges that appellant violated the terms and conditions of his probation by:

(1) committing an offense against the State of Texas, to-wit; On or about June 15, 1992, in Harris County, Texas, the defendant did then and there unlawfully, intentionally, and knowingly possess a controlled substance, namely, cocaine, weighing less than 28 grams by aggregate weight, including any adulterants and dilutants.

(2) failing to report to the probation office, to-wit; The defendant was ordered to report May 20, 1992, and thereafter on the 20th day of each month to his designated probation officer unless different dates within a calendar month were agreed to by him and his probation officer. He failed to report as instructed for the month of June 1992.

(3) failing to pay Crime Stoppers as ordered by the court, and as of June 1992 the defendant is $50.00 in arrears.

The State argues that appellant pled true to the two other violations of his probation, in addition to the violation for committing the offense of possession of cocaine. On the contrary, the record reveals that the Judgment Adjudicating Guilt states only that:

... the Defendant violated the terms and conditions of said probation in that *he committed the offense of possession of a controlled substance, namely cocaine, in Harris County, Texas*

.    .    .    .    .

Thus, we find that the sole ground for revocation of appellant's probation was for commission of the offense of possession of cocaine. ■ We must now determine if the initial detention of appellant was justified. Appellant argues that when the officers approached him and ordered him out of his

vehicle, they lacked probable cause to arrest him. Appellant's argument is without merit. It is well established that an officer may briefly stop a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information. *Smith v. State,* 813 S.W.2d 599, 601 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). An occupant of an automobile is just as subject to a brief detention as is a pedestrian. *Adams v. Williams,* 407 U.S. 143, 148, 92 S.Ct. 1921, 1924, 32 L.Ed.2d 612 (1972); *Johnson v. State,* 658 S.W.2d 623, 626 (Tex.Crim.App.1983). Circumstances short of probable cause for an arrest may justify a temporary detention for the purposes of investigation. *See Gearing v. State,* 685 S.W.2d 326, 328 (Tex.Crim.App.1985). As part of this temporary detention, an officer may ask that an individual step out of his automobile. *Id.* at 329; *Johnson,* 658 S.W.2d at 626. Here, the officers request for appellant to get out of his vehicle was no more than a temporary detention for investigative purposes.

■ However, appellant seems to assert that he was immediately *arrested,* not detained, by the officers because he was not free to leave. Appellant argues that a detention occurred when Officer Mitchell pulled in "nose-to-nose" with his vehicle and turned on his emergency lights; or alternatively, when the officers ordered him out of the vehicle. It is true that a citizen subjected to an investigative detention is not free to leave and that such a detention is a "seizure" for purposes of the Fourth Amendment. *Livingston v. State,* 739 S.W.2d 311, 327 (Tex. Crim.App.1987), *cert. denied,* 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988). That is why an initial temporary detention must be justified by reasonable suspicion. *Ramirez v. State,* 672 S.W.2d 480, 482 (Tex.Crim.App. 1984). Here, such reasonable suspicion was established.

■ Appellant, however, argues that the officers had no reasonable suspicion to detain him. To justify a brief investigative detention, the officer must know specific, articulable facts, which in light of his experience and personal knowledge, together with

reasonable inferences, would warrant detaining the suspect. *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); *Comer v. State* 754 S.W.2d 656, 657 (Tex.Crim.App.1986). Those specific facts must amount to more than a mere hunch or suspicion. *Id.* Even a temporary detention is not permissible unless the circumstances objectively support a reasonable suspicion that the person detained actually is, has been, or soon will be engaged in criminal activity. *Viveros v. State,* 828 S.W.2d 2, 4 (Tex.Crim.App.1992); *Crockett v. State,* 803 S.W.2d 308, 311 (Tex.Crim.App.1991). Circumstances raising suspicion of illegal conduct need not be criminal. *Id.* at 311. The issue is not whether the particular conduct is innocent or criminal, but rather the degree of suspicion that attaches to particular noncriminal acts. *Holladay v. State,* 805 S.W.2d 464, 471 (Tex.Crim.App.1991).

In the present case, Officer Roberts was the sole witness for the State at the motion to suppress hearing. He testified that the other officers and he drove to Brock Park at 2:00 a.m. to check the park for curfew violators. He also testified on cross-examination that there was a sign with a curfew on the top of the right gate to the park. Upon arriving at the park, Officer Roberts saw appellant's vehicle parked inside the park in violation of the curfew. On cross-examination, he also stated that the vehicle's lights were off, but he could not tell if the motor was running or if anyone was in it. As the officers got closer, they saw two people in the vehicle. Officer Roberts parked his patrol vehicle next to appellant's car and shined his police spotlight inside appellant's car. In the meantime, Officer Mitchell pulled his patrol vehicle in "nose-to-nose" with appellant's vehicle. As he shined his spotlight into appellant's car, Officer Roberts observed appellant "scrambling as if he were trying to hide something under the seat."

Based on these facts, the officers were justified in initially detaining appellant because appellant was in the park after the 11:00 p.m. curfew. The Houston Code of Ordinances provides in pertinent part:

(a) No park or park facility shall be open to members of the public between the hours of 11:00 p.m. and 6:00 a.m....

(c) This section shall not be construed to create any independent criminal prohibition; however, any person found within any park or park facility outside the hours designated or permitted for its use who fails to leave immediately after being requested to so do or who is otherwise on notice that the park or park facility is not open to the public shall be subject to prosecution under Section 30.05 of the Texas Penal Code for criminal trespass in addition to prosecution for any other crime that may have been committed thereupon.

HOUSTON, TEX., CODE OF ORDINANCES § 32.41 (1985). Section 30.05 of the Texas Penal Code describes the offense of criminal trespass as follows:

A person commits an offense if he enters or remains on property or in a building of another without effective consent and he:

(1) had notice that entry was forbidden; or

(2) received notice to depart but failed to do so.

TEX.PENAL CODE ANN. § 30.05 (Vernon 1974).

The record reveals that Officer Roberts and the other officers observed appellant in a city park, Brock Park, at around 2:00 a.m., three hours past the curfew established by city ordinance. Based on these facts, the officers were initially suspicious that appellant and his companion were committing criminal trespass, and as they approached, they observed him acting as if he were trying to hide something under the seat. Because these specific, articulable facts are sufficient to constitute reasonable suspicion, we find that the initial investigative detention of appellant was justified, as well as the subsequent search which we will now discuss.

▮▮▮▮ As to the legality of the subsequent search of appellant's vehicle, appellant argues that it was constitutionally impermissible. We disagree because it is clear that during the course of a temporary detention, an officer may conduct a limited search for weapons where it is reasonably warranted

for his safety or the safety of others. *Terry,* 392 U.S. at 27, 88 S.Ct. at 1883; *Ramirez,* 672 S.W.2d at 482. Further, the officer may conduct a protective search of a detainee's vehicle when he has a reasonable belief, based on specific and articulable facts, that the detainee may pose a danger to the officer or to others. *See Goodwin v. State,* 799 S.W.2d 719, 728 (Tex.Crim.App.1990).

Here, Officer Roberts testified that he observed appellant "scrambling as if he were trying to hide something under the seat." He also testified that he was immediately concerned that there might be a weapon in appellant's car because based on his experience as an officer, when someone is scrambling trying to hide something, it's either something illegal or a weapon. For his safety, Officer Roberts looked under the seat of appellant's car after appellant exited the vehicle to check for weapons. Therefore, when Officer Roberts searched the passenger compartment of appellant's car, he had reasonable suspicion that appellant was committing the offense of criminal trespass and had exhibited certain gestures which, based on his experience indicated that appellant might be hiding a weapon. Under these circumstances, Officer Roberts was justified in conducting the weapons search to neutralize the possible danger to the other officers and himself. Thus, the subsequent search was valid.

 While searching the vehicle for weapons, Officer Roberts found a crack pipe under the edge of the appellant's seat at the floor mat. The crack pipe was still hot from recent use. If, while conducting a legitimate *Terry* search of the interior of the vehicle, the officer should, as here, discover contraband other than weapons, he clearly cannot ignore the contraband, and the Fourth Amendment does not require its suppression in such circumstances. *Michigan v. Long,* 463 U.S. 1032, 1051, 103 S.Ct. 3469, 3481, 77 L.Ed.2d 1201 (1983). Once the crack pipe was found, Officer Roberts had probable cause to arrest appellant. *Ramirez,* 672 S.W.2d at 482; *See also* TEX.CODE CRIM.PROC. ANN. art. 14.01 (Vernon 1977). Consequently, Officer Roberts' search of the vehicle incident to that arrest was proper, and the cocaine seized as a result of the search was admissible. Thus, the trial court properly overruled appellant's motion to suppress. Accordingly, we overrule appellant's first and second points of error.

The judgment of the trial court is affirmed.