Opinion Issued March 18, 2004
















     



In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01099-CR




LESTER GUY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 906044




MEMORANDUM OPINION

          After the trial court denied his motion to suppress evidence, appellant, Lester
Guy, pleaded guilty to possession of a controlled substance, cocaine, weighing more
than four grams and less than 200 grams. Pursuant to a plea agreement, the trial court
sentenced appellant, as a habitual offender, to 30 years’ confinement. In his sole
point of error, appellant contends that the trial court erred in denying his motion to
suppress evidence because it was the product of an illegal search and seizure.


 We
affirm. 
Background
          On the evening of March 20, 2002, Harris County Sergeant B.J. Taylor and
Deputy Ron Rooth responded to a suspicious person call at the Park Trails apartment
complex at 15125 Blue Ash, an area known to Taylor and Rooth as a high crime area. 
Taylor and Rooth split up in their patrol cars to look for the suspicious male. After
their initial search of the complex, Taylor and Rooth met up and began discussing the
situation from their individual police car when Taylor saw appellant “pop up”
between two cars as if he had been hiding. The appellant resembled the description
of the suspicious person as a black male wearing a white T-shirt. There were no other
people in the parking lot. 
          Appellant jumped into a car and left the apartment complex. Taylor turned on
his patrol car’s emergency equipment and followed him. As appellant slowed down
to stop, he opened the driver’s side door. Taylor, fearing appellant might try to run
away, drove up next to appellant’s car. He saw appellant making “all kinds of furtive
movements,” as if he were picking up something underneath the seat. Taylor was
afraid appellant might have a weapon. 
          Taylor got out of his car and walked to the front of it, while Rooth approached
appellant. Appellant was still “messing with” a white pill bottle underneath the seat. 
Rooth told appellant to quit fidgeting with the white pill bottle and show his hands,
but appellant continued to reach down, picking up and handling the bottle from
beneath the seat. Once appellant put his hands up, Taylor and Rooth began talking
with him to find out whether he was the suspicious person seen at the apartment
complex. Appellant said he was visiting a friend at the complex, but he did not
answer when Taylor and Rooth asked for his friend’s name and apartment number. 
Taylor and Rooth then asked appellant to step out of his car, and appellant did. 
          Rooth walked appellant to the back of his patrol car to pat him down and asked
him if he had any identification. Appellant answered that it was in his wallet and
pointed to his car. Taylor reached into appellant’s car and picked up appellant’s
wallet and the bottle that he had been handling. When Taylor picked up the bottle,
appellant lunged towards him. Rooth struggled to hold onto appellant, who spun
around and ran, wriggling out of his T-shirt. Rooth pursued appellant. Meanwhile,
Taylor, after throwing appellant’s wallet and the bottle back into appellant’s car, 
jumped into his car and circled around to catch appellant as he was jumping over a
fence. After appellant was apprehended and taken into custody for fleeing and
evading arrest, appellant’s car was inventoried. A white pill bottle found in the car
contained 41 grams of crack cocaine. 
          At the motion to suppress hearing, appellant argued that (1) he did not fit the
description of the suspicious person call; (2) he did not make any furtive gestures that
would lead Taylor and Rooth to ask him to leave his car, other than holding the door
because it swings freely; and (3) that the search of the white bottle, prior to his
fleeing, was illegal because it was based on nothing more than a hunch. The court
denied appellant’s motion to suppress and made the following findings on the record:
it was reasonable for the officers to pull appellant over based on appellant’s popping
up and getting in his car and meeting the radio description; the officers’ testimony
was credible; Taylor picked up both the wallet and the bottle, but he did not open the
bottle prior to appellant’s fleeing; and, based on appellant’s fleeing, there was a valid
reason for the arrest and a subsequent inventory search.


 
Discussion
          In his sole point of error, appellant argues that the trial court erred in denying
his motion to suppress because the State failed to show that the officers had probable
cause to search appellant’s car and seize the white bottle. Appellant does not argue
that the initial stop of appellant was unlawful, nor does he argue that the officers
improperly opened the bottle after appellant had been arrested for fleeing. Rather,
appellant focuses his argument on the illegality of the search and seizure when Taylor
picked up the bottle, along with appellant’s wallet, from appellant’s car. The State
contends that the search was legal, and that, even if the officers acted beyond the
scope of their authority in seizing the bottle, the taint of any illegality was attenuated
by appellant’s subsequent flight and arrest; thus, the bottle and its contents were
admissible into evidence. 
          In reviewing a trial court’s ruling on a motion to suppress, we apply a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). We give almost total deference to the trial court’s determination of
historical facts that depend on credibility, while we conduct a de novo review of the
trial court’s application of the law to those facts. Id. We review de novo the trial
court’s application of the law of search and seizure and probable cause. State v. Ross,
32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Wilson v. State, 98 S.W.3d 265, 271
(Tex. App.—Houston [1st Dist.] 2003, no pet.). We examine the evidence in the light
most favorable to the trial court’s ruling. State v. Ballard, 987 S.W.2d 889, 891 (Tex.
Crim. App. 1999). 
          The United States and Texas Constitutions provide that people have the right
to be secure in their persons, houses, papers, and effects, from all unreasonable
searches or seizures. U.S. Const. amend IV; Tex. Const. art I, § 9. We note at the
outset that the “touchstone of the Fourth Amendment is reasonableness.” Ohio v.
Robinette, 519 U.S. 33, 39, 117 S. Ct. 417, 421 (1996). Reasonableness is measured
in objective terms by examining the totality of the circumstances. Id. We steer clear
of “bright line rules” in applying this test because of the “endless variations in the
facts and circumstances” implicating the Fourth Amendment. Id.  
          It is well established that an officer may briefly stop a suspicious individual in
order to determine his identity or to maintain the status quo momentarily while
obtaining more information. Adams v. Williams, 407 U.S. 143, 147, 92 S.Ct. 1921,
1923 (1972), Terry v. Ohio,  392 U.S. 1, 21, 88 S. Ct. 1868, 1880 (1968), Gurrola v.
State, 877 S.W.2d 300, 302 (Tex. Crim. App. 1994). To justify a brief investigative
detention, the officer must be aware of specific, articulable facts which, in light of his
experience and personal knowledge, together with reasonable inferences therefrom,
would warrant detaining the suspect. Adams, 407 U.S. at 147, 92 S.Ct. at 1923,
Maritnez v. State, 29 S.W.3d 609, 611 (Tex. App.—Houston [1st Dist.] 2000, pet.
ref’d) (citing Terry, 392 U.S. at 21, 88 S. Ct. at 1880). As part of this temporary
detention, an officer may ask that an individual step out of his automobile. Gearing
v. State, 685 S.W.2d 326, 328 (Tex. Crim. App. 1985); Rhodes v. State, 945 S.W.2d
115, 117 (Tex. Crim. App. 1985). Although at the motion to suppress hearing,
appellant argued that there was no reasonable suspicion to stop or detain appellant,
on appeal, appellant does not contest his initial detention. Furthermore, based on the
fact that appellant popped up, as if he were hiding, and the fact that he matched the
description of the suspicious person, it was reasonable for the officers to stop and
temporarily detain appellant to investigate the situation.
          Appellant argues that he did not give the officers consent to search his car;
therefore, they illegally searched and seized his wallet containing his identification
and the bottle containing narcotics. However, during the course of a temporary
detention, an officer may conduct a limited search for weapons where it is reasonably
warranted for his own safety or the safety of others. Terry, 392 U.S. at 27, 88 S. Ct.
at 1883; Ramirez v. State, 672 S.W.2d 480, 482 (Tex. Crim. App. 1984). This
protective search of a detainee’s car must be based on the officer’s reasonable belief,
based on specific and articulable facts, that the detainee may pose a danger to the
officer or to others. See Goodwin v. State, 799 S.W.2d 719, 728 (Tex. Crim. App.
1990). Here, the officers had a reasonable belief that appellant might have concealed
a weapon in a bottle in his car. 
          The facts of this case are similar to those in Ramsey v. State, 806 S.W.2d 954,
958 (Tex. App.—Austin 1991, writ ref’d). Upon approaching the defendant’s car,
the officer saw the driver throw a shaving kit onto the passenger-side floor board. Id. 
Once the defendant was removed from the car and the officer had observed him to be
intoxicated, the officer retrieved the shaving kit, opened it, and saw contraband. Id. 
The officer testified that he searched the shaving kit because he was concerned for
his safety. The court held that “the officer acted reasonably in taking preventative
measures to ensure that there were no weapons within appellant’s grasp before
allowing appellant to return to his car.” Id. 
          Similarly, in Alexander v. State, 879 S.W.2d 338, 343 (Tex. App.—Houston
[14th Dist.] 1994, pet. ref’d), an officer testified that he was concerned for his safety
because he saw the defendant scrambling as if he were hiding something under his
seat. After the defendant had exited his car, the officer searched the car for weapons. 
While doing so, he found a crack pipe under the floor mat. The court held that “if,
while conducting a legitimate Terry search of the interior of the car, the officer
should, as here, discover contraband other than weapons, he clearly cannot ignore the
contraband, and the Fourth Amendment does not require its suppression in such
circumstances.” Id. at 343 (citing Michigan v. Long, 463 U.S. 1032, 1051, 103 S. Ct.
3469, 3481 (1983)). 
          Here, Taylor testified that he was concerned for his safety because appellant
had been making furtive gestures and fidgeting with something in his car. Taylor also
testified that a pistol, a North American Arms .22 caliber revolver, could easily fit in
the bottle. Taylor noted that he had seen this gun about three or four times before and
that people like to wear them around their necks. We do not determine credibility;
and here the record establishes that the trial court believed the officers’ testimony. 
See Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Taylor acted
reasonably in taking preventative measures to ensure his safety; the fact that he
discovered narcotics, rather than a weapon, does not make seizure of the bottle illegal
where, based on Taylor’s experience, the bottle could have contained a weapon. We
hold that Taylor’s seizure of the bottle when retrieving appellant’s identification
pursuant to a Terry stop did not violate the Fourth Amendment or article I, section 9
of the Texas Constitution. Because we hold that the search and seizure were lawful,
we do not reach the attenuation issue. 
          We overrule appellant’s sole point of error. 
Conclusion
          We affirm the judgment of the trial court. 
 
Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Keyes.
Do not publish. Tex. R. App. P. 47.4.