NUMBER 13-03-233-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

CORWIN ARMELL BROWN,                                                      Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 208th District Court of Harris County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Garza
 
Appellant, Corwin Armell Brown, pled guilty to assault of a family member and was
given probation for eight years. Subsequently, the State filed a motion to revoke probation,
alleging that appellant had violated several terms of his probation. Appellant pled “true”
to one of the violations alleged by the State. The trial court found three of the violations
alleged by the State to be “true,” revoked appellant’s probation, and sentenced him to
imprisonment for eight years. Appellant now argues that his probation should not have
been revoked because two of the three violations found by the trial court were not
supported by the record. Because appellant does not challenge the third violation found
by the trial court, we affirm the order of revocation. 
Appellate review of an order revoking probation is limited to whether the trial court
abused its discretion. Flournoy v. State, 589 S.W.2d 705, 709 (Tex. Crim. App. 1979).           In this case, the State alleged, among other things, that appellant violated the terms
of his probation by failing to participate in a required domestic violence treatment program. 
The trial court found this allegation to be “true,” and appellant does not challenge this
finding on appeal. Because a single violation is sufficient to support revocation, Martinez
v. State, 6 S.W.3d 674, 681 (Tex. App.—Corpus Christi 1999, no pet.); see Alexander v.
State, 879 S.W.2d 338, 340 (Tex. App.—Houston [14th Dist.] 1994, pet. ref’d), we hold that
the trial court did not abuse its discretion by ordering revocation. 
The trial court’s order is affirmed.      
 
                                                                                      _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
Do no publish.
Tex.R.App.P. 47.2(b)
Memorandum Opinion delivered 
and filed this the 26th day of August, 2004.