**Affirmed and Memorandum Opinion filed November 3, 2011.**



In The

# Fourteenth Court of Appeals

———————————

## NO. 14-10-00742-CR

———————————

**DARYL KEITH WATTS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 149th Judicial District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 56263**

## MEMORANDUM OPINION

Appellant Daryl Keith Watts was indicted on two counts of aggravated sexual assault of a child. He pleaded guilty to a lesser charge of enticing a child and received a sentence of six years' imprisonment. The trial court suspended that sentence, probating it to five years of community supervision. The State subsequently moved to revoke appellant's probation, alleging that appellant had violated three conditions of his

community supervision. The trial court found two of those allegations to be true, revoked appellant's probation, and sentenced him to five years' imprisonment. In two issues, appellant argues that (1) the evidence is insufficient to support the trial court's judgment, and (2) the sentence is excessive and disproportionate to the crime committed. We affirm.

In a probation order dated February 12, 2009, appellant was ordered to comply with several conditions of his community supervision, including: (1) that he pay $55 per month in supervision fees; (2) that he perform 160 hours of community service at a rate of eight hours per week; and (3) that he visit his children under the direction and supervision of a counselor. In its motion for probation revocation, the State alleged that appellant failed to pay his supervision fees in the month of January 2010, that he neglected to perform any amount of community service between the months of March 2009 and December 2009, and that he had contact with his minor children in a manner not prescribed or approved by his counselor.

During the hearing on the State's motion to revoke, appellant freely conceded that he had not paid his supervision fees for the months of April 2010 and May 2010. However, no evidence was produced suggesting that appellant was delinquent for the month of January 2010.

Appellant's probation officer testified that appellant had completed none of his community service requirements between the months of March 2009 and December 2009. Appellant testified that he was unable to perform his community service as required because he was working. Appellant stated that although he had lost his employment in September 2009, he was still unable to complete his community service because he was either involved at his union hall or he was repairing cars as a side job. Appellant did testify that he took the terms of his probation very seriously, and his probation officer confirmed that all 160 hours of community service had been completed by the time of the hearing on the motion to revoke.

The caretaker of appellant's children testified that, in February 2010, appellant had inappropriate physical contact with his daughter, in violation of the counselor's instructions. The counselor had devised a chaperone contract for the caretaker, and one of its instructions was that appellant should refrain from "[i]nitiating-prolonging physical contact with child." The contract was signed by the caretaker, not by appellant. The caretaker testified that appellant violated this condition when he allowed his daughter to rest her head on his lap without a pillow barrier between them. When the caretaker told appellant's daughter that she needed to leave the room if she was going to lay like that, appellant allegedly "jumped up, got mad, and started raising cane [sic] and he had an erection on."

The trial court found that appellant had violated the terms of his community supervision by failing to perform his community service in the manner prescribed and by failing to abide by his counselor's supervised visitation directives. In his first issue on appeal, appellant challenges whether the evidence is sufficient to support the trial court's judgment.

We review a trial court's decision in a probation revocation proceeding for an abuse of discretion, and when the sufficiency of the evidence is challenged, we examine the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984); *Rodriguez v. State*, 2 S.W.3d 744, 746 (Tex. App.—Houston [14th Dist.] 1999, no pet.). The State must prove every element of the ground asserted for revocation by a preponderance of the evidence. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006); *Moore v. State*, 11 S.W.3d 495, 498 (Tex. App.—Houston [14th Dist.] 2000, no pet.). This burden is satisfied when the evidence creates a belief, more probable than not, that a condition of probation has been violated as alleged. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. [Panel Op.] 1980); *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.). As the trier of fact, the trial court is the sole judge of the credibility of witnesses and of the weight given

to their testimony, and any inconsistencies in the evidence are resolved in favor of the judgment. *Battle v. State*, 571 S.W.2d 20, 21 (Tex. Crim. App. [Panel Op.] 1978). Proof of any one of the alleged violations is sufficient to support a revocation of probation. *Trevino v. State*, 218 S.W.3d 234, 240 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Alexander v. State*, 879 S.W.2d 338, 340 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd).

In this case, appellant's probation officer testified that appellant failed to complete his community service requirements between the months of March 2009 and December 2009. Although appellant had finished all 160 hours of community service by the time of the hearing, the record contains uncontroverted evidence that he failed to perform his community service at a rate of eight hours per week, as mandated under his probation order. Because we conclude that the evidence is sufficient to support the trial court's judgment on this basis alone, we need not consider whether the evidence is also sufficient to support a finding that appellant violated the terms of his supervised visitation.

In his second issue, appellant argues that his five-year sentence is excessive and disproportionate. We review a trial court's assessment of punishment for an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Buerger v. State*, 60 S.W.3d 358, 363 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). As a general rule, the trial court does not abuse its discretion if the sentence imposed is within the range of punishment allowed by statute. *Jackson*, 680 S.W.2d at 814; *Nunez v. State*, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978); *Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972). When a sentence follows a revocation of probation, the issue is whether the sentence is warranted for the crime in which the defendant was convicted, rather than for any offenses proved at the revocation hearing. *Sullivan v. State*, 975 S.W.2d 755, 756 (Tex. App.—Corpus Christi 1998, no pet.).

Appellant was convicted of the felony offense of enticing a child, which is punishable between two and ten years' imprisonment. *See* Tex. Penal Code Ann. §§ 12.34(a), 25.04(b) (West 2011). The trial court sentenced appellant to five years'

imprisonment. Because the punishment assessed falls within the statutory range, the trial court did not abuse its discretion, and the sentence is neither excessive nor disproportionate.

Appellant's two issues are overruled, and the judgment of the trial court is affirmed.


/s/      Adele Hedges
                         Chief Justice

Panel consists of Chief Justice Hedges and Justices Anderson, and Christopher.

Do Not Publish — TEX. R. APP. P. 47.2(b).