**Affirmed and Memorandum Opinion filed January 15, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-01090-CR

**MCHAEL DEWAYNE STRAMBLER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 57,649**

## MEMORANDUM OPINION

This is an appeal from a revocation of a probated sentence. In 2008, appellant pleaded guilty to the possession of a controlled substance in a drug free zone. He was sentenced to a term of four years' imprisonment, which the trial court probated to four years' community supervision. In 2011, the State moved to revoke the probated sentence, alleging in twenty-one paragraphs that appellant had violated the terms and conditions of his community supervision. Appellant pleaded

true to two of the allegations. After a hearing, the trial court found a total of four allegations to be true, executed appellant's sentence, and credited him for time already served. In his sole issue, appellant challenges the trial court's finding with respect to one of the four allegations. We affirm.

In his felony supervision order, appellant was ordered, among other things, to commit no offense against the laws of this State, to totally abstain from alcoholic beverages and illegal substances, and to complete a supervised drug treatment program. In its petition for revocation, the State alleged that appellant violated each of these conditions. The allegations specifically stated that appellant failed to abstain from marijuana in March 2009; that he failed to abstain from K2 Spice, a synthetic cannabinoid, in July 2011; that he consumed alcohol in December 2008; and that he was unsuccessfully discharged from a transition treatment center in July 2011. Appellant pleaded true to the use of marijuana and the consumption of alcohol. He pleaded not true to the remaining allegations.

During the revocation hearing, the State produced just a single witness, appellant's community supervision officer. The officer testified that appellant admitted to using K2 Spice, which she described as a "synthetic marijuana." The admission was documented on a self-admit form, signed by appellant, where he wrote that he used the substance on a single occasion because he was "stressed out and [having] problems." The officer testified that while she did not know the chemical composition of K2 Spice, she was certain that it was not a legal drug, based on her own drug education training.

At the conclusion of the hearing, the trial court orally found that the State's allegation was true with respect to appellant's use of K2 Spice. The court's docket sheet conflicts with that oral finding, reflecting instead that the allegation was not true. Appellant does not address this contradiction in the record. Rather, he argues

2

that the evidence is insufficient to support the trial court's oral finding because the evidence did not show that K2 Spice was an illegal drug at the time of the alleged use.

We review a trial court's decision in a probation revocation proceeding for an abuse of discretion, and when the sufficiency of the evidence is challenged, we examine the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984); *Rodriguez v. State*, 2 S.W.3d 744, 746 (Tex. App.—Houston [14th Dist.] 1999, no pet.). The State must prove every element of the ground asserted for revocation by a preponderance of the evidence. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006); *Moore v. State*, 11 S.W.3d 495, 498 (Tex. App.—Houston [14th Dist.] 2000, no pet.). This burden is satisfied when the evidence creates a belief, more probable than not, that a condition of probation has been violated as alleged. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. [Panel Op.] 1980); *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.). As the trier of fact, the trial court is the sole judge of the credibility of witnesses and of the weight given to their testimony, and any inconsistencies in the evidence are resolved in favor of the judgment. *Battle v. State*, 571 S.W.2d 20, 21 (Tex. Crim. App. [Panel Op.] 1978). Proof of any one of the alleged violations is sufficient to support a revocation of probation. *Trevino v. State*, 218 S.W.3d 234, 240 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Alexander v. State*, 879 S.W.2d 338, 340 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd).

Appellant's brief is underdeveloped in this case. In his "Issue Presented" section, appellant seems to frame his argument as one sounding in the Ex Post Facto Clause. The "Argument" section focuses on an entirely separate matter, however. In that section, which consists of just two sentences, appellant complains

about the community supervision officer and whether she was qualified to testify about K2 Spice. The brief does not contain a single citation to authority, which only further confounds appellate review.

Based on the inadequate briefing, we offer only the following two responses. First, to the extent that appellant complains about the officer's qualifications, we note that the officer was not called to testify in any capacity that would require expert knowledge of K2 Spice, its chemical composition, or the methods for detecting it in a person's body. The officer merely testified that appellant admitted to her to having used the substance. She was competent to testify about this fact, which was also established by the self-admit form admitted into evidence.

Second, even if the K2 Spice finding did present an *ex post facto* issue, appellant could not attack the revocation on that basis alone. The trial court found a total of four allegations to be true—the other three relating to the marijuana, the alcohol, and the drug treatment program. To overturn a revocation order, a defendant must successfully challenge each finding on which the revocation is based. *See Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978); *Joseph*, 3 S.W.3d at 640. Appellant has not challenged the other three findings, and the evidence is sufficient to support each of them. As previously mentioned, appellant pleaded true to the allegations that he failed to abstain from marijuana and alcohol. A plea of true, standing alone, is sufficient to support the trial court's judgment of revocation. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *Moore*, 11 S.W.3d at 498 n.1. The community supervision officer also testified that appellant was unsuccessfully discharged from a drug treatment program for being "out of place." Because this evidence supports the trial court's finding, the trial court could not have abused its discretion in revoking appellant's probated sentence.

4

The trial court's judgment is affirmed.

/s/     Adele Hedges
        Chief Justice

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).