Opinion filed January 31, 2013



In The

# Eleventh Court of Appeals

No. 11-11-00006-CR

## JOE SAMUEL ERVINE, JR., Appellant

## V.

## STATE OF TEXAS, Appellee

On Appeal from the 238th District Court

Midland County, Texas

Trial Court Cause No. CR36172

## MEMORANDUM OPINION

The jury convicted Joe Samuel Ervine, Jr. of the felony offense of possession of cocaine in an amount of one gram or more but less than four grams with the intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010). After it found the enhancement paragraph true, the trial court assessed Ervine's punishment at confinement for a term of fifteen years, and it sentenced him accordingly. Ervine appeals his conviction in one issue. He does not challenge the sufficiency of the evidence. We affirm.

In his sole issue on appeal, Ervine contends that the trial court erred when it admitted evidence of the cocaine seized by Officer Jesus Primera Robledo III from Ervine's person because it was discovered and seized incident to an illegal arrest. Specifically, Ervine alleges that Officer Robledo falsely arrested him for violations of the Municipal Code of the City of Midland and for a violation of the Texas Alcoholic Beverage Code (TABC) and, thus, that the evidence should have been excluded. The trial court denied Ervine's pretrial motion to suppress evidence of the cocaine. During trial, Ervine again objected to the admissibility of the cocaine evidence, and the trial court overruled those objections and admitted the evidence. We will construe Ervine's argument on appeal broadly enough for us to review the trial court's denial of the motion to suppress as well as the trial court's decision to overrule Ervine's objections at trial and its decision to admit the evidence.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). We will reverse a trial court's ruling only if it is outside the "zone of reasonable disagreement." *Id.* We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We give deference to the trial court's rulings on mixed questions of law and fact when those rulings turn on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). Where such rulings do not turn on an evaluation of credibility and demeanor, we review the trial court's actions de novo. *Id.* Because Officer Robledo testified about the circumstances leading up to the search at both the suppression hearing and at trial, and because the issue of whether Officer Robledo had probable cause to arrest was submitted to the jury, we will review the evidence adduced at both proceedings to determine whether the trial court erred when it admitted the evidence. *See Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007) ("[W]hen the parties subsequently re-litigate the suppression issue at the trial on the merits, we consider all evidence, from both the pre-trial hearing and the trial, in our review of the trial court's determination.").

Ervine asserted in his motion to suppress that the evidence found on his person incident to his arrest should be suppressed because there was no lawful warrant, probable cause, or other lawful authority to detain him. At the suppression hearing, Officer Robledo testified that he routinely patrols the area of Midland known as "the Flats." He described the Flats as a high

2

crime and high drug area where open hand-to-hand drug transactions occur throughout the day and night. One evening at approximately 7:00 p.m., Officer Robledo was driving northbound on Lamesa at approximately 30 miles per hour when he noticed a white female approach a black male behind Dorothy's Place, a small bar in the Flats where alcohol and snacks are sold. Officer Robledo testified that it was still daylight and that he saw the female take money from her pocket, count the money, and then hand it to the male. The male, later identified by Officer Robledo as Ervine, reached into his pocket and pulled out an item that Officer Robledo could not identify and gave it to the female. The two individuals then "split ways." Officer Robledo testified that he observed the two individuals conducting what he believed to be a hand-to-hand transaction of narcotics.

The female left the area in a vehicle; Ervine remained at Dorothy's Place. Officer Robledo followed the female in hopes of conducting a traffic stop, but ended his pursuit when she left the Midland city limits. He called another officer for backup and returned to Dorothy's Place to make contact with Ervine. When he arrived at Dorothy's Place, he saw Ervine standing below a "no loitering" sign drinking a beer. Officer Robledo testified that he detained Ervine for possibly selling narcotics, loitering in a no loitering area, illegally consuming alcohol on a licensed premises, and for having an open container in public. He patted Ervine down for protection, arrested him for loitering, and placed him in handcuffs.

Officer Bradley Alexander arrived to assist Officer Robledo. The officers conducted a search of Ervine's person incident to his arrest. Officer Robledo found five $20 bills in Ervine's left front pocket, and Officer Alexander found a prescription pill bottle that contained numerous white rocks, later identified as twenty rocks of crack cocaine, in Ervine's right front pocket.

On cross-examination, Officer Robledo reviewed the municipal ordinances pertaining to loitering, or trespassing, and consuming alcohol in public. He testified that, based on his review, he did not believe that Ervine had violated either ordinance but that, at the time of the arrest, with his initial understanding of the law, he believed that Ervine had violated both municipal ordinances.

Defense counsel argued that there was no basis for the search under either ordinance and that Officer Robledo could not have seen the details of a hand-to-hand drug transaction driving down the street at 30 miles per hour. The trial court found that probable cause existed for the detention, the arrest, and the subsequent seizure of the tangible evidence incident to the arrest.

The trial court denied the motion to suppress as to the drugs and money, and the case later proceeded to trial.

At trial, Officer Robledo's testimony was generally consistent with his description of the circumstances leading up to the search about which he testified at the suppression hearing. He added that he observed the transaction from approximately 300 feet away and that he was driving 35 miles per hour. Officer Robledo testified that, in his experience and training, the person leaving the transaction is usually the person buying illegal drugs and that the person that stays in the vicinity is usually the person selling those drugs. He also added that, when he conducted the pat-down of Ervine for his protection, he felt what he believed to be a pill bottle, which led him to further believe that Ervine was in possession of some type of substance and had committed a drug transaction. Officer Robledo did not remove the pill bottle until after Ervine was under arrest.

During cross-examination, Officer Robledo affirmed that Ervine's actions did not constitute a violation of the municipal ordinances. Ervine's attorney pointed to what he believed to be discrepancies between the officer's testimony and certain statements that the officer had made in an earlier affidavit and police report. Officer Robledo confirmed that he wrote in his affidavit that he was traveling south on Lamesa, instead of north, and that he observed a black male and a white male conduct what he believed to be a hand-to-hand drug transaction, instead of a black male and a white female. He also admitted that he did not write in his affidavit that he found money on Ervine. In his police report, he wrote that the pill bottle was found in Ervine's left front pocket, instead of his right front pocket, and he failed to state that he felt the pill bottle during the pat-down.

On redirect, Officer Robledo testified that he was rushing to get back out on patrol and that the discrepancies were honest mistakes. He further testified that he was one-hundred percent positive that his testimony at trial was the correct version of events. Officer Robledo also agreed that, looking back, he could have detained and searched appellant based on his original observation of the hand-to-hand transaction if he had chosen to do so. Furthermore, he believed that he had reasonable suspicion to stop the female based on his observation of the drug transaction and that he did not need to wait for the opportunity to make a valid traffic stop in order to make contact with her.

4

The trial court instructed the jury that, before it could consider Officer Robledo's and Officer Alexander's testimony, it must first find beyond a reasonable doubt that Officer Robledo had probable cause to believe and did believe that Ervine had committed or was committing an offense. "[P]robable cause" was defined as when "the facts and circumstances within the officer's knowledge, and of which he had reasonable trustworthy information, are sufficient by themselves to warrant a man of reasonable caution to believe that an offense had been or is being committed." The trial court further instructed the jury that, if it did not believe that Officer Robledo had probable cause, it should disregard the officers' testimony and any items of evidence taken from Ervine. The jury convicted Ervine of possession with intent to deliver.

Ervine's argument on appeal is that his arrest was illegal because Officer Robledo admitted that Ervine did not commit a loitering violation and, thus, that the evidence should have been excluded because the search was not incident to a valid arrest. The Court of Criminal Appeals, however, has held that the subjective conclusion of a police officer as to the existence of probable cause is not binding on an appellate court, which must independently determine the existence of probable cause on the objective facts of the case. *Voelkel v. State*, 717 S.W.2d 314, 316 (Tex. Crim. App. 1986). Therefore, if we find that, based on the evidence, probable cause to arrest existed, even if for different grounds than the officer believed it existed, we will uphold the arrest and subsequent search.

Probable cause to arrest exists when, at the moment of arrest, the facts and circumstances within the arresting officer's knowledge were sufficient to warrant a prudent man in believing that the particular person had committed or was committing an offense. *Beck v. Ohio*, 379 U.S. 89, 91 (1964). Under the Texas Code of Criminal Procedure, an officer is authorized to arrest a person without a warrant when the officer observes the person commit any offense in his presence or within his view. TEX. CODE CRIM. PROC. ANN. § 14.01(b) (West 2005). Here, although Officer Robledo arrested Ervine for loitering and admitted at the suppression hearing and at trial that Ervine had not committed a loitering offense, Officer Robledo also testified to specific facts that would lead a prudent man to believe that Ervine had committed a drug transaction. Defense counsel attacked Officer Robledo's credibility by pointing out the discrepancies in his affidavit and police report as compared to his testimony and by arguing that Officer Robledo could not have observed a drug transaction from 300 feet away driving 30 to 35 miles per hour. These attacks on Officer Robledo's credibility were obviously rejected by both

5

the trial court and the jury when both found that Officer Robledo had probable cause to believe that Ervine had committed a criminal offense. We cannot second-guess the factfinder's credibility determination on appeal, but can only look as to whether the record supports the factfinder's finding of probable cause. *See Guzman*, 955 S.W.2d at 87, 89.

We hold that the following facts, as testified to by Officer Robledo, were sufficient to support a finding that probable cause existed to arrest Ervine: (1) he observed a female hand Ervine money; (2) he observed Ervine hand the female an unidentified object in return; (3) the individuals then immediately split ways, and the female left the area in a vehicle; and (4) the area where the transaction occurred was a high crime area where open-air hand-to-hand drug transactions regularly occurred. Based on Officer Robledo's training and experience, he testified that this sequence of events was consistent with a hand-to-hand drug transaction. While we find these facts sufficient to support an arrest, as well as a detention, we also note that, when Officer Robledo first made contact with Ervine and conducted an initial pat-down for weapons, he felt what he believed to be a pill bottle in Ervine's pocket. He testified that, based on his experience and training, he believed such an object would probably contain some type of illegal substance, which confirmed his belief that Ervine was selling drugs. The trial court did not err when it denied Ervine's motion to suppress or when it admitted the evidence of the drugs and money at trial.

The State directs us to *Alexander v. State*, 879 S.W.2d 338, 343 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd), for the proposition that, when an officer conducts a legitimate *Terry*[1] search and discovers contraband other than weapons, the officer clearly cannot ignore the contraband, and the Fourth Amendment does not require its suppression in such circumstances. The State argues that Officer Robledo had probable cause to arrest once he felt a container that be believed contained illegal drugs. However, because we have found that Officer Robledo had probable cause to arrest prior to conducting the pat-down search, we need not determine the validity of the pat-down or whether feeling the pill bottle gave Officer Robledo probable cause to arrest.

Ervine also argues that his arrest under the loitering ordinance was illegal because the ordinance is unconstitutional. However, Ervine did not raise the constitutionality issue in the trial court and, thus, has waived this issue for our review. *See* TEX. R. APP. P. 33.1. Even if

---

[1]*Terry v. Ohio*, 392 U.S. 1 (1968).

6

Ervine had not waived the issue, it would not be necessary for us to address the constitutionality of the municipal ordinance because we have found that the search was lawful based on the officer's observation of the hand-to-hand transaction. *See* TEX. R. APP. P. 47.1. Ervine's sole issue on appeal is overruled.

The judgment of the trial court is affirmed.

JIM R. WRIGHT

CHIEF JUSTICE

January 31, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.