UNITED STATES of America, Appellee,

v.

Wayne Anthony BROWN, Appellant.

No. 90–1028.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 14, 1990.

Decided Sept. 10, 1990.

Rehearing Denied Oct. 15, 1990.

---

David A. Wine, Des Moines, Iowa, for appellant.

Robert C. Dopf, Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, and HEANEY and BRIGHT, Senior Circuit Judges.

LAY, Chief Judge.

Wayne Anthony Brown was convicted of conspiring to distribute cocaine and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (Supp.1990) and 21 U.S.C. §§ 841(a)(1) (1981) and 841(b)(1)(A)(iii) (Supp.1990). On appeal he challenges the district court's denial of his motion to suppress cocaine found in a locked glove compartment on the basis of the police officers' warrantless search. We affirm.

## BACKGROUND

On July 23, 1989, Officers Batts and Anderson of the Des Moines, Iowa Police Narcotics Unit were parked in an unmarked van in an area known for drug dealing. They observed a Buick and a Ford Tempo pull over and stop approximately 150 feet from the van. The driver and passenger of the Buick exited their car and approached Wayne Anthony Brown who was in the driver's seat of the Ford Tempo. Batts observed through his binoculars the driver of the Buick hand Brown an unknown amount of money. Brown then reached over to the area of the glove compartment and gave the passenger of the Buick a white bag. After the passengers of the Buick returned to their car and drove off, the officers followed the Ford Tempo to a parking lot. The officers forced Brown, Ollie Talton and a third passenger to exit the vehicle. When the officers opened the glove compartment with a key that was lying in the front seat, they found a white plastic bag containing cocaine base and $931 in cash.

The district court denied Brown's motion to suppress the cocaine on the ground that the officers had probable cause to believe that contraband was in the car, and specifically in the locked glove compartment.

Brown was subsequently convicted of possession with intent to distribute cocaine base and conspiracy to distribute cocaine.

## DISCUSSION

Brown argues that the lower court erred by denying his motion to suppress the evidence because the officers lacked probable cause to believe the car contained contraband.

In *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1967), the Supreme Court examined the legality of a "stop and frisk" absent a warrant and probable cause. In *Terry*, the Court recognized that an officer may approach a person to investigate possible criminal behavior even though probable cause to make an arrest does not exist. *Id.* at 22, 88 S.Ct. at 1880–81. The *Terry* Court also held that a police officer may conduct a patdown search of the individuals under investigation if he or she has reason to believe that such persons are armed and dangerous. *Id.* at 30, 88 S.Ct. at 1884–85. Although the weapons search established in *Terry* was limited to the suspect's "outer clothing", the Supreme Court held in *Michigan v. Long*, 463 U.S. 1032, 1049, 103 S.Ct. 3469, 3480–81, 77 L.Ed.2d 1201 (1983), that the principles articulated in *Terry* apply to protective searches of vehicles' passenger compartments. In *Long* the Court concluded that

> the search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on "specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant" the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons.

*Id.* at 1049, 103 S.Ct. at 3481 (quoting *Terry v. Ohio*, 392 U.S. at 21, 88 S.Ct. at 1880). The Court rejected the theory that a weapons search inside a vehicle is unreasonable once a suspect exits from the car and is under a police officer's control. The *Long* Court observed that

just as a *Terry* suspect on the street may, despite being under the brief control of a police officer, reach into his clothing and retrieve a weapon, so might a *Terry* suspect in Long's position break away from police control and retrieve a weapon from his automobile. In addition, if the suspect is not placed under arrest, he will be permitted to reenter his automobile, and he will then have access to any weapons inside.

*Id.* 463 U.S. at 1051–52, 103 S.Ct. at 3482.

In the present case, the officers made an investigatory stop because they had an articulable reasonable suspicion that the occupants of the Ford Tempo were dealing drugs. Since weapons and violence are frequently associated with drug transactions, the officers reasonably believed that the individuals with whom they were dealing were armed and dangerous. *See, e.g., United States v. Oates,* 560 F.2d 45, 62 (2d Cir.1977). At the hearing to suppress the cocaine, Officer Batts admitted that it is standard procedure for officers to search all areas of a vehicle's passenger compartment where individuals readily could obtain weapons. Tr. at 23. He acknowledged that individuals who are allowed to return to their vehicle after a *Terry* investigation have immediate access to the area of the glove compartment. Tr. at 55. Furthermore, Batts testified that he searched the locked glove compartment to "see if there were any weapons...." Tr. at 22. Thus, even in the absence of probable cause, an issue we need not decide, we find that the police possessed an articulable reasonable suspicion of criminal activity and the ensuing search and seizure was permissible.

Brown argues that the Supreme Court's decision in *Smith v. Ohio* controls this case. We disagree. In *Smith v. Ohio,* — U.S. —, 110 S.Ct. 1288, 1290, 108 L.Ed.2d 464 (1990), the Court held that a warrantless search of a suspect's bag could not be justified as a search incident to a lawful arrest when the suspect was arrested *after* the officer opened the bag and discovered that it contained drug paraphernalia. The *Smith* Court noted that the officer never contended that he searched the bag as a means to protect himself from harm. Furthermore, in *Smith* the officer did not have probable cause to search or a reasonable suspicion of criminal activity to justify a seizure.

Judgment of conviction is affirmed.