# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1575

_____

Robin Stegall,                *
                                  *

        Appellant,         *

                                  *      Appeal from the United States

      v.                   *      District Court for the

                                  *      Eastern District of Missouri.

Robert Russo, Tara Siewing,   *

                                  *      [UNPUBLISHED]

        Appellees.         *

_____

Submitted: July 7, 2005
Filed: July 14, 2005

_____

Before BYE, RILEY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Robin Stegall appeals the district court's[1] denial of her motion for judgment as a matter of law (JAML) in her action filed pursuant to 42 U.S.C. § 1983. We affirm.

Stegall filed an action against St. Louis police officers Robert Russo and Tara Siewing, alleging that they conducted an unlawful search and seizure of her in violation of the Fourth, Fifth, and Fourteenth Amendments, and that the search by Siewing also constituted a strip search in violation of Missouri law. Stegall moved

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

for JAML at the close of the evidence at trial, and the district court denied the motion. The jury returned a verdict for defendants, and the court entered judgment on the verdict. Stegall argues that the district court erred in denying her motion for JAML, because even accepting all facts in the light most favorable to defendants, there was no probable cause for the searches.

Viewed in the light most favorable to defendants, see Boudreau v. Wal-Mart Stores, 249 F.3d 715, 717-18 (8th Cir. 2001), the evidence at trial showed that on January 18, 2002, approximately eight police officers entered Parodi's, a small bar in a "rough" area in the City of St. Louis, to perform a liquor-license inspection and because they had information that "wanted" individuals might be there that evening. Officer Russo asked James Carrico, the owner of the bar, whether there were any weapons behind the bar, and he indicated that he had a weapon in his pocket. Russo removed a gun from Carrico's pocket, and then asked Stegall--who was standing next to Carrico, and was Carrico's girlfriend and a part-time employee of Parodi's-- whether she had a weapon. Stegall responded, "I might have," and Russo conducted a cursory pat-down search of her, then radioed for a female officer to do a more thorough search. Officer Siewing arrived on the scene and conducted a more thorough search of Stegall. Russo inspected the liquor licenses, and found them to be within requirements.

Because Stegall did not renew her motion after the jury verdict, see Fed. R. Civ. P. 50(b), we review the district court's ruling for plain error. See Cross v. Cleaver II, 142 F.3d 1059, 1069-70 (8th Cir. 1998). Viewing the evidence in the light most favorable to defendants, we find that the officers who entered Parodi's on January 18 did so as part of a valid warrantless administrative search of a regulated business. See New York v. Burger, 482 U.S. 691, 702-03 (1987) (warrantless inspection of regulated business can be reasonable if scheme is informed by substantial government interest, warrantless inspections are necessary to further

regulatory scheme, and inspection program is constitutionally adequate substitute for warrant).

In the course of the search, they had authority to ask Stegall if she had a weapon. Because she answered, "I might," the bar was located in a "rough" area, and a weapon had just been recovered from her boyfriend who was standing next to her, officers were authorized to conduct a protective pat-down search for safety. See United States v. Menard, 95 F.3d 9, 10-11 (8th Cir. 1996) (police officer who has legitimate contact with another person and has reason to believe that person may be armed and dangerous may conduct pat-down search to protect officer safety; while it is relevant that one member of group has been arrested, there is no automatic reasonable suspicion that others may be armed and dangerous) (citing Terry v. Ohio, 392 U.S. 1, 27, 32-33 (1968)). Accepting the facts of the searches of Stegall's person in the light most favorable to defendants and consistent with the jury's verdict, see Wilson v. Brinker Intern., Inc., 382 F.3d 765, 770 (8th Cir. 2004) (this court must refrain from making credibility assessments inconsistent with jury's findings), they were reasonable pat-down searches tailored to find weapons.

Accordingly, we affirm.

_____