# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2610

_____

United States of America,                                *
                                                         *
           Appellee,                            *
                                                         *   Appeal from the United States
     v.                                               *   District Court for the
                                                         *   Northern District of Iowa.
Lesean D. Hardy, also known as                           *
Leasean Smith,                                           *   [UNPUBLISHED]
                                                         *
           Appellant.                           *

_____

Submitted:  April 13, 2010
Filed:  May 13, 2010

_____

Before WOLLMAN, MURPHY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

     Lesean D. Hardy conditionally pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  He appeals the district court's[1] order denying his motion to suppress evidence.  We affirm.

---

     [1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa, adopting the report and recommendation of the Honorable Jon S. Scoles, United States Magistrate Judge for the Northern District of Iowa.

I.

On the afternoon of November 12, 2008, two Cedar Rapids Police Department patrol officers responded to a radio call regarding a silver minivan that had just been involved in a narcotics transaction. The officers initiated a traffic stop and approached the minivan, observing that there were two occupants in the front seat and another individual in the back seat, later identified as Hardy. When questioned by the officers, the front passenger could not produce identification and he gave inconsistent information about his age. The officers then asked the front passenger to accompany them to their patrol car, while Hardy and the driver remained in the minivan. As the officers continued talking with the front passenger, they observed Hardy moving from the back seat to the front seat.

Several minutes later, an officer in the canine unit arrived to perform a dog sniff on the minivan. The canine officer asked the driver and Hardy to step out of the automobile, and he attempted to perform pat-down searches on both occupants after they exited. Before Hardy could be patted down, however, he took off running with the officers in close pursuit. When the officers caught up to Hardy several blocks away, he was holding a gun in his right hand.

II.

Hardy's motion to suppress argued that the attempted pat-down search was not justified. On an appeal from a denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions *de novo*. United States v. Lopez-Vargas, 457 F.3d 828, 830 (8th Cir. 2006). "A police officer may search an individual's outer clothing to discover weapons when the officer reasonably believes that the individual may be armed and dangerous." United States v. Ward, 23 F.3d 1303, 1306 (8th Cir. 1994) (citing Terry v. Ohio, 392 U.S. 1, 27 (1968)). We view the facts supporting a protective frisk under an objective standard, looking at the totality

of the circumstances known to the officer at the time of the search. <u>United States v. Ellis</u>, 501 F.3d 958, 961 (8th Cir. 2007).

Several facts objectively justified the initial safety-related search in this case. First, the officers suspected that at least one of the minivan's occupants had just committed a narcotics crime. Based on their experience, the officers reasonably could have concluded that those who commit narcotics crimes might also be carrying weapons. <u>See</u> <u>Ward</u>, 23 F.3d at 1306 (stating that the analysis must give due weight to reasonable inferences that law enforcement officers may draw based on their experience); <u>see also</u> <u>United States v. Robinson</u>, 119 F.3d 663, 667 (8th Cir. 1997) ("It is reasonable for an officer to believe that an individual may be armed and dangerous when that individual is suspected of being involved in a drug transaction because 'weapons and violence are frequently associated with drug transactions.'") (citing <u>United States v. Brown</u>, 913 F.2d 570, 572 (8th Cir. 1990)). Second, the presence of three individuals in the minivan likely made it more difficult for the officers to maintain control of the situation, thus heightening the risk to officer safety. <u>See</u> <u>Maryland v. Wilson</u>, 519 U.S. 408, 414 (1997) ("[D]anger to an officer from a traffic stop is likely to be greater when there are passengers in addition to the driver in the stopped car."). Third, Hardy was observed moving around inside the vehicle, which one of the officers testified was very unusual. In these circumstances, the officers had an objectively reasonable basis for believing that Hardy may have been armed and dangerous, and thus the pat-down was warranted.

Moreover, even if the pat-down search had been improper, suppression of the evidence would not be required because the gun was not obtained as a result of the attempted search. The officers located the weapon only after Hardy fled from the officers, pulled the gun from his pocket, and held it within view. Although Hardy argues that his flight was a predictable result of the search, he has failed to explain how the officers' conduct could have possibly caused him to display a weapon he was

trying to hide.  We therefore conclude that the district court did not err in denying Hardy's motion to suppress evidence of the firearm.

The judgment is affirmed.

_____