**AFFIRM; and Opinion Filed May 11, 2016.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

———————————

### No. 05-15-00922-CR
### No. 05-15-00923-CR

———————————

**RICARDO STEPHEN RIVAS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1553020-S and F-1553021-S**

---

## MEMORANDUM OPINION

Before Justices Fillmore, Stoddart, and Schenck
Opinion by Justice Schenck

Appellant Ricardo Stephen Rivas appeals his convictions for possession of less than one gram of heroin and possession of less than one gram of methamphetamine. After the trial court denied appellant's motions to suppress, appellant pleaded guilty to both offenses, which were punishable as third-degree felonies due to appellant's prior convictions. Pursuant to a plea agreement, the trial court sentenced appellant to five years' deferred adjudication in each case. The trial court certified appellant's right to appeal its ruling on his motions to suppress. In a single issue, appellant asserts the trial court erred in denying his motions to suppress. We overrule appellant's issue and affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

After being charged with possession of heroin and methamphetamine, appellant filed a

motion to suppress in each case requesting that the trial court suppress all evidence seized from what appellant claims to have been an unlawful detention and unjustified search. The trial court considered the motions in a single hearing.

At the hearing, the State called Dallas Police Officer Roy Gray to testify. He testified to the following. In March 2015, he and his partner were working in southwest Dallas as part of the police department's crime response team. He had been on the crime response team for about two of his five years as a police officer. He always works nights and his patrols concentrate on "hot areas" that "are being hit with a lot of crime, crime waves, and trends." Officers on the crime response team typically perform traffic and pedestrian stops, and provide rapid response to calls reporting break-ins, burglaries, suspicious persons, and robberies.

Officer Gray testified that at about 11:45 p.m. on March 20, 2015, he and his partner were dispatched to the intersection of Hampton Road and West Jefferson Boulevard in Dallas in response to a 911 call about a "suspicious person." The caller described a Latin male in the area who was wearing a dark hoodie and dark pants and carrying a weed-eater and a bag. The 911 caller gave their name and phone number to the dispatcher. Officer Gray and his partner found appellant in front of a CVS pharmacy near the reported intersection talking to another man. He was wearing a dark hoodie and carrying a weed-eater and a bag. According to officer Gray, it was unusual, even suspicious, for someone to be carrying a weed-eater at 11:45 at night in that area. Officer Gray knew that no one would be doing any lawn work at a CVS pharmacy at that time of night. Upon arriving at the scene, Officer Gray got out of his car and said to appellant, "Could you come over here for a second, sir." Appellant complied. Officer Gray admitted that appellant was detained at this point. He asked appellant if he had any weapons on him, and appellant answered, "No."

Officer Gray then told appellant he needed to perform a frisk. He told appellant to drop the weed-eater, which Officer Gray considered to be a potential weapon, and to put his hands on the squad car's push bumper. During the pat-down, Officer Gray felt an object in a pocket of appellant's pants that, based on his experience dealing with narcotics, felt like a pipe used for smoking methamphetamine. Officer Gray discovered the pipe had "residue" in it; from there he further searched appellant and found what appeared to be methamphetamine and black tar heroin.

The trial court denied appellant's motions to suppress and made findings concerning it ruling. The findings include the following. The police department received a report of a suspicious person at approximately 11:45 p.m. on March 20, 2015. The caller indicated that, a Latin male, wearing dark pants and a hoodie, and carrying a weed eater and a bag, was in the area. The caller identified herself and gave a phone number. The location where Officer Gray and his partner were patrolling was a known high crime area, known for drug sales and multiple burglaries. Officer Gray and his partner responded to the call. Upon arriving at the reported area, Officer Gray and his partner saw a man matching the description of the reported suspicious person and carrying a weed-eater near the entrance of a CVS pharmacy. That person was appellant. Officer Gray asked appellant to come over and talk with him. Appellant complied. The initial interaction between appellant and Officer Gray was voluntary. Appellant "voluntarily talked to Officer Gray and agreed to the pat-down search." At the time of the search, Officer Gray "had specific and articulable facts that could reasonably lead him to conclude that [appellant] possessed a weapon." These facts included (1) a caller reported appellant as a suspicious person, (2) the caller left their name and number, (3) appellant was in a high-crime area at night, and (4) appellant was carrying a weed-eater, which (a) he was likely not using at night, and (b) could be used as a blunt force object.

## STANDARD OF REVIEW

On appeal, appellant argues the trial court erred in denying his motions to suppress. We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). We give almost total deference to the trial court's determination of historical facts, and we review de novo the trial court's application of law to facts not turning on credibility and demeanor. *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). We do not engage in our own factual review; instead, the trial judge is the sole trier of fact and judge of credibility of the witnesses and the weight to be given to their testimony. *St. George*, 237 S.W.3d at 725. We review the record to determine whether the trial court's ruling is supported by the record and is correct under some theory of law applicable to the case. *Id.*

## DISCUSSION

In determining whether the trial court abused its discretion in denying appellant's motions to suppress, we first consider whether appellant's initial interaction with Officer Gray was (1) consensual, which requires no objective justification, or (2) an investigatory detention, which requires reasonable suspicion, or (3) an arrest, which require probable cause. *State v. Castleberry*, 332 S.W.3d 460, 466 (Tex. Crim. App. 2011). The trial court concluded appellant voluntarily talked to Officer Gray, a consensual encounter. On appeal, the State concedes appellant was detained when he complied with Officer Gray's request that he come speak with him. Thus, appellant's encounter with Officer Gray was not consensual and his detention is subject to Fourth Amendment scrutiny.

The Fourth Amendment permits a warrantless detention of a person, short of a full-blown custodial arrest, if the detention is justified by reasonable suspicion. *Terry v. Ohio*, 392 U.S. 1, 28 (1968); *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). The test for

–4–

reasonable suspicion is an objective one that focuses solely on whether an objective basis exists for the detention and disregards the officer's subjective intent. *Terry*, 392 U.S. at 21–22. An officer has "reasonable suspicion to detain a person if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity." *Id*. at 21–22; *York v. State*, 342 S.W.3d 528, 536 (Tex. Crim. App. 2011). Articulable facts must amount to more than a mere inarticulate hunch, suspicion, or good faith suspicion that a crime was in progress. *Williams v. State*, 621 S.W.2d 609, 612 (Tex. Crim. App. 1981). The facts must show (1) unusual activity, (2) some evidence that connects the detainee to the unusual activity, and (3) some indication that the unusual activity is related to crime. *Derichsweiler*, 348 S.W.3d at 916.

A reviewing court must look at the totality of the circumstances to see whether the detaining officer had a particularized and objective basis for suspecting wrongdoing. *Davis v. State*, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997). A stop based on facts supplied by a citizen eyewitness, which are adequately corroborated by the arresting officer, will not run afoul of the Fourth Amendment. *Brother v. State*, 166 S.W.3d 255, 259 (Tex. Crim. App. 2005). Information provided to police from a citizen-informant who identifies himself and may be held to account for the accuracy and veracity of his report may be regarded as reliable. *Derichsweiler*, 348 S.W.3d at 915. In such a scenario, the only question is whether the information that the known citizen-informant provides, viewed through the prism of the detaining officer's particular level of knowledge and experience, objectively supports a reasonable suspicion to believe that criminal activity is afoot. *Id.* Because a reasonable-suspicion determination requires looking at the totality of the circumstances, reasonable suspicion may exist even if those circumstances, standing alone, may be just as consistent with innocent activity as with criminal activity. *Id*. at 914; *York*, 342 S.W.3d at 536. Neither time of

day nor level of criminal activity in an area are suspicious in and of themselves; both are merely factors to be considered in making a determination of reasonable suspicion under the totality of the circumstances. *Crain v. State*, 315 S.W.3d 43, 53 (Tex. Crim. App. 2010).

In this case, the totality of the circumstances supports the conclusion that Officer Gray had a particularized and objective basis for suspecting criminal activity. When Officer Gray responded to the suspicious person call, he knew from experience that he was in a high-crime area and it was night-time, when the area was more prone to crime. Furthermore, the caller who reported a suspicious person had given their name and phone number to the dispatcher, thus, the caller could be held to account for the accuracy and veracity of their report and the information in the call may be regarded as reliable. *Derichsweiler*, 348 S.W.3d at 915. Officer Gray spotted appellant and determined he matched the description of the reported suspicious person. Appellant's own behavior additionally supported a reasonable suspicion of criminal activity. Appellant was carrying a weed-eater late at night in the entry way of a CVS pharmacy, which was itself highly unusual, and in an area known for property crimes. In addition, appellant was holding a bag and talking with another person in an area known for drug sales. A reasonable officer in Officer Gray's position could have concluded that a property crime had occurred and/or drug-related criminal activity was afoot. Thus, appellant's detention was reasonable and not violative of the Fourth Amendment.

Next, we consider whether the trial court erred in finding Officer Gray "had specific and articulable facts that could reasonably lead him to conclude that the defendant possessed a weapon," thus justifying a Terry frisk. A law enforcement officer who has lawfully detained a person for investigation may conduct a protective search of the detainee's outer clothing for weapons, even in the absence of probable cause, if the officer reasonably believes that the suspect is armed and dangerous. *Arizona v. Johnson*, 555 U.S. 323, 326 (2009); *O'Hara v. State*,

27 S.W.3d 548, 550 (Tex. Crim. App. 2000). The officer need not be absolutely certain a person is armed to justify a pat-down; the question is whether a reasonably prudent man in the officer's circumstances would be warranted in the belief that his safety or that of others was in danger. *Terry*, 392 U.S. at 27; *O'Hara*, 27 S.W.3d at 551–52. In assessing reasonableness, "due weight" must be given to the facts and inferences viewed "in light of [the officer's] experience." *United States v. Michelletti*, 13 F.3d 838, 841 (5th Cir. 1994) (en banc) (quoting *Terry*, 392 U.S. at 27). In a reviewing analysis, we must attempt to put ourselves in the shoes of a reasonable police officer facing the particular situation and assess the likelihood of danger in that context. *See U.S. v. Rideau*, 969 F.2d 1572, 1574 (5th Cir. 1992).

The evidence at the hearing established Officer Gray had extensive experience in high-crime areas. Most of the people he dealt with at night posed immediate risks of violence and serious personal injury. Some had concealed weapons, such as box cutters, knives, and guns on them. A caller had reported appellant as a suspicious person. Appellant was in a high-crime area at night. Appellant was carrying a weed-eater, which he was likely not using at night and could be used as a blunt force object, and was carrying a bag in an area known for drug sales. Based on these facts and the experience of Officer Gray, we conclude that a reasonable and prudent person standing in Officer Gray's shoes would then and there have been warranted in the belief that his safety, or that of his partner, or others in the vicinity, was sufficiently in danger to justify an initial frisk of appellant. *See United States v. McMullin*, 739 F.3d 943, 947 (6th Cir. 2014) (citing *United States v. Moore*, 817 F.2d 1105, 1108 (4th Cir. 1987) (finding the officer's frisk to be valid because "[t]he hour was late, the street was dark, the officer was alone, and the suspected crime was as burglary, a felony that often involves the use of weapons"); *Carmouche v. State*, 10 S.W.3d 323, 330 (Tex. Crim. App. 2000) (citing *United States v. Brown*, 913 F.2d 570, 572 (8th Cir. 1990) (citing *United States v. Oates*, 560 F.2d 45, 62 (2d Cir. 1977) ("Since

weapons and violence are frequently associated with drug transactions, the officers reasonably believed that the individual [ ] with whom they were dealing [was] armed and dangerous.")); and (citing *Terry*, 392 U.S. at 27–28 (finding officer could reasonably assume that offense of robbery would involve use of weapons, although the officer did not observe a weapon or any physical indication of a weapon)).

We find the trial court's conclusion that Officer Gray "had specific and articulable facts that could reasonably lead him to conclude that [appellant] possessed a weapon" is supported by the facts as found by the trial court and the evidence presented. In addition, even though the trial court did not conclude that appellant was detained, and therefore did not decide whether that detention was supported by reasonable suspicion, such a conclusion is supported by the facts as found by the trial court and the evidence presented. Accordingly, we overrule appellant's sole issue.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

150922F.U05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RICARDO STEPHEN RIVAS, Appellant

No. 05-15-00922-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1553020-S.
Opinion delivered by Justice Schenck.
Justices Fillmore and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 11th day of May, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RICARDO STEPHEN RIVAS, Appellant

No. 05-15-00923-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1553021-S.
Opinion delivered by Justice Schenck.
Justices Fillmore and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 11th day of May, 2016.